## EMPIRE LITE-ROCK, INC. *v.* DEPARTMENT OF REVENUE

Lee A. Hansen, Jones & Brown, Portland, for plaintiff.

G. F. Bartz, Assistant Attorney General, Department of Revenue, Salem, Oregon, for defendant.

Decision for defendant rendered April 6, 1970.

EDWARD H. HOWELL, Judge.

This case involves the true cash value of plaintiff's property for ad valorem tax purposes for the tax year 1969-70.

The plaintiff is engaged in the mining and processing of shale. The shale is extracted from a mine or pit and, after being processed by crushing and heating, is used as a substitute for sand and gravel in cement. The plant also produces a product called pozzolan, which is made from shale ground into a powdery substance, and is used primarily in the construction of dams to replace the cement in concrete.

The plaintiff's operation is the only one of its kind in Oregon or Washington and one of the few in the west. Except for the pozzolan production the plant operates 24 hours per day, seven days a week, unless shut down for repairs or extreme weather conditions. The pozzolan plant, which was installed in 1965, was purchased primarily for one special contract and was

used 25 percent of the time in 1965 and 1966 and only occasionally thereafter.

The true cash value of the land is not disputed. The plaintiff is contesting the true cash values assigned to the buildings and to the machinery and equipment. The plaintiff contends that the true cash value of the buildings was $30,000, and the machinery and equipment was $160,000, as of January 1, 1969. The assessor valued the machinery and equipment at $253,250, and the buildings at $57,140.

Most of the machinery and equipment in the plant, which was started in 1945, consists of used equipment. The plant has three kilns for heating the crushed shale. The kilns are made of steel, brick lined, six to eight feet in diameter, and 70 feet long.

An appraiser of rock crushing, mining and road building equipment testified for plaintiff and placed a true cash value of $156,815 on the plaintiff's machinery and equipment. However, his estimate of value did not include the cost of installation. Plaintiff's vice-president estimated the cost of installation to be 25 percent of the cost of the equipment, not including transportation.

The defendant's witness, an industrial appraiser for the Department of Revenue, found the true cash value of the machinery and equipment to be $253,250. In many instances his opinion of the value of the various items of machinery and equipment was less than the value found by plaintiff's expert.

The primary difference between the two appraisers of the machinery and equipment is in regard to the true cash value to be placed on the three kilns and the equipment used with the kilns. The plaintiff's ap-

praiser appraised the three kilns on a salvage value basis for a total of $8,000. The defendant's appraiser valued the kilns and allied equipment at $88,460. One of the kilns was installed in 1965 and the plaintiffs reported the cost of the kiln as $83,410 on their personal property tax return for January 1, 1966.

Considering the value placed on the machinery and equipment by the plaintiff's own expert appraiser plus the cost of installation, and the reported cost of the kiln installed in 1965, it is clear that the plaintiff has not sustained the burden of proving that the values assigned by the assessor were erroneous.

The improvements on the property consist of various buildings including a large storage shed containing 16,000 square feet, a garage, office and garage, a crusher building and various minor buildings. The main disagreement centers around the true cash value of the large storage shed which the plaintiff's appraiser valued at $16,400 based on a reproduction cost of $2.00 per square foot less 50 percent depreciation. The industrial appraiser for the Department of Revenue valued the storage shed at $27,800.

The reproduction cost of $2.00 per square foot appears low under present day costs.

The plaintiff has failed to sustain the burden of proving the true cash value of the buildings as found by the assessor and affirmed by the Department of Revenue was erroneous.

The order of the Department of Revenue is affirmed and the true cash value of plaintiff's machinery and equipment as of January 1, 1969, was $253,250, and the true cash value of the buildings and structures was $57,140.